### LEROY HENDERSON v. STATE OF FLORIDA

29 So. (2nd) 698           January Term, 1947
April 1, 1947           En Banc

*William H. Cook* and *Wareing T. Miller,* for appellant.

*J. Tom Watson,* Attorney General and *Reaves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant, having been indicted and convicted of murder in the first degree, has perfected his appeal to this Court. He

presents two questions for our consideration, which are as follows:

"Question No. 1. Was the evidence adduced at the trial sufficient to support a verdict that the defendant (appellant) was guilty of murder in the first degree to the exclusion of and beyond every reasonable doubt?"

"Question No. 2. In this case, a capital punishment case, was it error for the court to deny counsel for the appellant the right to make an opening statement to the jury, and simultaneously deny said counsel the opportunity to object to same after the indictment had been read to the jury?"

Under the first question it is contended that the evidence is insufficient to show premeditated design and was also insufficient to show that appellant in killing the deceased did not act in his lawful self-defense. A careful perusal of the record discloses that there was ample evidence to establish every element of the crime of murder in the first degree.

Under the second question it is contended that the court committed reversible error by stating to counsel both for the state and defense, after the jury had been selected and sworn, that he would permit no opening statement by either counsel before the introduction of evidence. In this connection the transcript of the record shows that the following occurred:

Mr. O'Connell (as State Attorney) : "I would like to object to the Court for refusing counsel to make an opening statement."

The Court: "Objection overruled. Call your first witness. Let the record show that after the states attorney had read the indictment to the jury he requested leave of the Court to make an opening statement of what he proposed to prove, and the Court denied the request of the State's Attorney, to which the State's Attorney objected, and the objection was overruled."

The record does not show that the appellant or his counsel registered any statement or objection in this connection, but if such objection had been made we think that it would have availed nothing.

We had this same question presented in the case of Woods v. State, 154 Fla. 203, 17 Sou. (2nd) 112. There the first question presented by counsel on appeal was:

"Should the trial court allow counsel for the defense to make an opening statement to the jury?"

We said the first question must be determined adversely to appellant's contention and cited McCall v. State, 116 Fla. 179, 156 Sou. 325, and, after quoting from that opinion, we said:

"In the absence of statute providing that such course shall prevail, the matter of whether or not counsel shall present opening statements prior to the introduction of evidence is one which must be left to the sound judicial discretion of the trial court and where the court declines to allow such opening statements to be made by council the burden is on the party asserting error to affirmatively show that such action on the part of the court has resulted in great prejudice to the defendant or in a miscarriage of justice. See Sec. 54.23 F.S. 1941, (same F.S.A.)"

No reversible error having been made to appear, the judgment is affirmed.

THOMAS, C.J., TERRELL, CHAPMAN, ADAMS and BARNS, JJ., and McNiell, Associate Justice concur.