23130. BOSTICK v. USRY et al.

ARGUED OCTOBER 11, 1965—DECIDED JANUARY 10, 1966.

*Nicholson & Fleming, William M. Fleming, Jr.*, for appellant. *Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler*, for appellee.

COOK, Justice. In an action for damages by Joseph O. Bostick against Tommie Lloyd Usry and R. C. Heard, trading as R. C. Heard Trucking Company, for injuries received by the plaintiff when the truck driven by Usry collided with the car driven by the plaintiff, counsel for the plaintiff in his argument to the jury stated as follows: "And I have got one thing further to say and I'm through. The law of the State of Georgia says this—it says simply one thing—that any person who drives a motor vehicle on the highways of this State is supposed to be financially responsible; to take care of your injury or my injury, or if I injure you to take care of your injury. In other words that is what the law says. I am supposed to be financially responsible—anybody else. And the reason for that law is because of situations like this; that the law of the State of Georgia says that if I injure you, if I damage you as the result of my negligence, I should pay you." A motion for mistrial was made by the defendant, and this motion was denied by the trial judge.

The Court of Appeals held that it was "error for counsel, in argument to the jury, to make reference to the financial status of the parties; a statement that the law of Georgia requires that all who drive motor vehicles on the highways must be financially responsible is prejudicial error." *Usry v. Bostick*, 112 Ga. App. 76 (3) (143 SE2d 781). This court granted certiorari to review this ruling.

It is our view that the Court of Appeals placed an erroneous construction on the language of the plaintiff's counsel. We do not think that the argument related to the worldly circumstances or financial standing of the parties. The word "responsible" is synonymous with "liable." Webster's 3rd Int. Dictionary, p. 1935. The gist of the argument was that a person is liable for injuries caused by his negligence and should respond in damages.

While in civil cases questions of law should be argued exclusively to the court (*Code* § 24-3319), counsel may state his legal position to the jury. *Ransome v. Christian,* 56 Ga. 351 (3). "Due latitude should be allowed counsel in argument, and unless the court abuse its discretion therein, this court will not interfere." *Spence v. Dasher,* 63 Ga. 430; *Powell v. State,* 179 Ga. 401 (4) (176 SE 29).

The argument of counsel in the present case was not of such prejudicial nature as to require the grant of a mistrial, and the trial judge did not abuse his discretion in refusing to grant a mistrial. The Court of Appeals erred in reversing the judgment of the trial court.

*Judgment reversed. All the Justices concur, except Almand and Mobley, JJ., who dissent.*