## 43870. NEVILLE v. BUCKEYE CELLULOSE CORPORATION.

HALL, Judge. The defendant appeals from a judgment overruling his motion to dismiss the plaintiff's complaint which alleged in part: The plaintiff was a wholesale purchaser of soybeans. The defendant fraudulently procured a sum of money from him by certain wilful misrepresentations in delivering soybeans for sale to the plaintiff's plant during November and December 1965 and November and December 1966. The acts of fraud, misrepresentation, and deceit included placing the wheels of a second truck on the scales when a truck of soy beans was being weighed; procuring manipulation of the balance screws on the scales so as to falsify the gross weight; preparing and presenting samples of soybeans of a higher quality than those sold to the plaintiff; loading inferior soybeans into the bottom of the truck with higher quality ones on top; having the driver sit in the truck when it was being weighed. The defendant wilfully and with knowledge deceived the plaintiff as to the weight and quality of the soybeans delivered. The plaintiff acted on the representations and believed them to be true.

The allegations are sufficient to comply with the requirement of the Civil Practice Act: "In all averments of fraud, or mistake, the circumstance constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Ga. L. 1966, pp. 609, 620 (*Code Ann.* § 81A-109 (b)). See 2A Moore's Federal Practice 1923, Par. 9.03 et seq.; 4 Cyclopedia of Federal Procedure 369, § 14.303 et seq.

The allegations do not show as a matter of law, as contended by the defendant, a failure by the plaintiff to exercise proper diligence, or that it was not reasonable for the plaintiff to rely on the alleged deceitful representations as to quality and weight, or that the plaintiff was not fraudulently prevented from ascertaining the true facts. Only by evidence presented to a jury, perhaps including the customs of the business and course of dealing between the parties, can these issues be determined. *Braselton Bros. v. Better Maid Dairy Products,* 222 Ga. 472 (150 SE2d 620).

It certainly cannot be said as a matter of law that the complaint discloses with certainty that the plaintiff can prove no set of

facts that would entitle it to relief. *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327), and the authorities cited therein.

Judgment affirmed. *Bell, P. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 5, 1968—DECIDED SEPTEMBER 16, 1968—
REHEARING DENIED OCTOBER 2, 1968—

*Neville & Neville, William J. Neville, G. Leonard Liggin,* for appellant.

*Allen & Edenfield, Charles H. Brown, Fulcher, Fulcher, Hagler, Harper & Reed, James J. Wilson, Jr.,* for appellee.