44626. SEABOARD COAST LINE RAILROAD COMPANY v. ZEIGLER.

ARGUED SEPTEMBER 2, 1969—DECIDED SEPTEMBER 5, 1969.

*Knight & Perry, Alexander, Vann & Lilly, William U. Norwood,* for appellant.

*Coleman, Blackburn, Kitchens & Bright, Wilby C. Coleman,* for appellee.

BELL, Presiding Judge. ■ (a) Counsel for plaintiff in his opening statement referred to defendant's train as "barrelling

through Stockton." A motion for mistrial was made on the ground that this remark was prejudicial. The court overruled the motion, did not rebuke counsel, and did not instruct the jury to disregard the comment. In an opening statement counsel may state to the jury what he expects to prove. He should be confined to matters of proof admissible under the rules of evidence. *Green v. State*, 172 Ga. 635 (158 SE 285); *Waits v. Hardy*, 214 Ga. 41 (102 SE2d 590, 68 ALR2d 995). The law forbids introduction into a case by counsel of prejudicial matter extrinsic to the record calculated to incite prejudice and render the trial unfair. It is not objectionable for counsel to use a figure of speech in his preliminary statement to the jury if facts are admissible upon which it may be founded. *Taylor v. State*, 121 Ga. 348 (7) (49 SE 303); *Waits v. Hardy*, supra. The term "barrelling" expresses a high rate of speed. By the comment counsel conveyed the thought that he intended to prove that defendant's train was traveling at a high rate of speed at the time of the collision. This is a fact which was established by testimony during the trial. In this status, the use of the figure of speech was not improper.

(b) During his closing argument, counsel for plaintiff used the following language: "The question is whether the wreck was created by the Seaboard Coast Line Railroad by its spending more money to investigate and defeat these claims than it would to take to bulldoze down the other end of this ramp." Defendant moved for a mistrial. The court overruled the motion, did not reprimand counsel or instruct the jury to disregard counsel's comment. Defendant contends that this remark brought to the attention of the jury the financial status of the parties to its prejudice. We do not agree. The thrust of plaintiff's theory was defendant's negligence in allowing a loading ramp, overgrown with weeds, to exist parallel to its tracks obstructing the view of an approaching vehicle operator from seeing an oncoming train. Thus, the argument is that the defendant, by its failure to remove or reduce the height of the obstruction, caused the accident. While the comment concerning spending money to investigate and defeat a claim has no logical connection with the case, we cannot say that it was so

prejudicial as to require the grant of a mistrial. The grant or denial of a mistrial is usually discretionary with the trial court. The · exercise of this discretion will not be disturbed unless abused. *Smith v. State*, 146 Ga. 76, 80 (90 SE 713); *Bostick v. Usry*, 221 Ga. 647 (146 SE2d 882).

■ The court charged: "In this State it is not per se negligence for one not aware of the approach of a train to attempt to cross a track without stopping, looking and listening, and that an attempt to cross a track by one not aware of the approach of a train cannot, as a matter of law, be said to constitute such contributory negligence as will bar a recovery." Defendant asserts that this instruction is a misstatement of the law, misleading and erroneous. The charge is taken from *Reed v. Southern R. Co.*, 37 Ga. App. 550 (3) (140 SE 921). *Reed* antedated the enactment of *Code Ann.* § 68-1661 (c) making it negligence per se to fail to stop within 15 to 50 feet of the nearest rail of a railroad crossing where "an approaching train is plainly visible and is in hazardous proximity to such crossing." The court instructed the jury on the latter provision as well as on the former. The record shows some evidence, although sharply in conflict, that the plaintiff's daughter failed to stop at the crossing and defendant's approaching train was plainly visible to her. The challenged instruction stems from case law which dealt with *unawareness* of the approach of a train, and the statute "makes the failure to use one's sense of sight and to stop under given circumstances the equivalent of negligence as a matter of law." *Atlantic C. L. R. Co. v. Hall Livestock Co.*, 116 Ga. App. 227, 228 (156 SE2d 396). If the approaching train is not plainly visible, the driver would be unaware of its presence, and *Code Ann.* § 68-1661 would not apply. The challenged charge (*Reed*) would then come into play. Accordingly, considering the instruction on the statutory rule, the charge under attack, and the evidence, the instruction was not calculated to mislead the jury.

■ The evidence shows that a freight train of the defendant's was stopped on an adjacent side track about 400 feet to the west (the driver's left) of the crossing awaiting the passing of the passenger train approaching from the east. A State patrol-

man, an expert witness, testified that it was his opinion plaintiff's daughter stopped the vehicle momentarily, saw the parked train and proceeded across the tracks. The jury was instructed that one whose attention is necessarily diverted by reason of present or reasonably anticipated dangers is not held to the observance of other perils as he would be in normal circumstances. Defendant contends this charge is erroneous as there was no evidence of distraction, and if the parked train was a distraction, it was self-induced by plaintiff's daughter. He relies on *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 379 (124 SE2d 688). In *Redding*, at page 379, we stated that where the distraction was self-induced the plaintiff cannot benefit from it; but where the distraction comes from without and would naturally divert the plaintiff and the defendant might naturally have anticipated it, the result is different. Here, clearly, the distraction was not induced by plaintiff's driver as she did not cause the parking of the freight train. She might well have reasoned that any warning signals which might have been audible to her came from the parked train. The charge was warranted by the evidence.

■ Defendant enumerates as error the charge to the jury that the competence of the driver is a proper element of consideration on the issue of negligence. While admitting that the charge stated a correct principle, defendant contends that the driver of the vehicle was incompetent as a matter of law as she was only 14 years of age and below the statutory age to obtain a driver's license. *Code Ann.* § 92A-401. The fact that the driver of an automobile had no license is not enough to defeat recovery. The test to be applied is not the illegal act of driving without a license due to age, but whether her tender years prevented her from driving in a careful and prudent manner. *Faggart v. Rowe*, 33 Ga. App. 423 (126 SE 731); *Western & A. R. v. Reed*, 35 Ga. App. 538 (134 SE 134); *Farmer v. Ga. Power Co.*, 39 Ga. App. 61 (146 SE 40); *Etheridge v. Guest*, 63 Ga. App. 637 (12 SE2d 483); Reeve Bros. v. Guest, 131 F2d 710 (CCA Ga.), reversed on other grounds, 132 F2d 778.

■ At defendant's request the court instructed the jury on imputed negligence. At plaintiff's request, the jury was charged

on the theory of negligent entrustment of an automobile to a reckless and incompetent driver and the concurring negligence-proximate cause rule. *McKinney v. Burke,* 108 Ga. App. 501, 505 (133 SE2d 383); *Willis v. Hill,* 116 Ga. App. 848, 852 (159 SE2d 145). The pleadings and the evidence show that the automobile involved was the family car and was operated by plaintiff's daughter with the consent and direction of the plaintiff. Imputed negligence under the family-purpose doctrine was an applicable principle of law. Negligent entrustment, on the other hand, is a separate and distinct theory and rests upon bailment rather than on an agency relationship. *McKinney,* supra. Defendant contends that the charge on negligent entrustment was a misstatement of the law and misled the jury. The charge was a correct principle, though inappropriate to the evidence. Although inappropriate, the instruction could not have been harmful to the losing party. It does not require the grant of a new trial. *Turner v. Elliott,* 127 Ga. 338 (3) (56 SE 434); *Milam v. Mandeville Mills,* 41 Ga. App. 62 (6) (151 SE 672); *Rolan v. Rittenhouse,* 107 Ga. App. 769, 770 (131 SE2d 112).

■ The evidence authorized the verdict and the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*