Burnett SCHWARTZ, Surviving Partner of Edward K. Schwartz and Burnett Schwartz, Plaintiff-Respondent,

v.

Albert FEIN, Defendant-Appellant.

No. 33855.

St. Louis Court of Appeals, Missouri.

June 15, 1971.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 6, 1971.

**680**

Raskas, Ruthmeyer & Schneider, St. Louis, for plaintiff-respondent.

Newmark & Baris, by Leonard J. Frankel, St. Louis, for defendant-appellant.

CLEMENS, Commissioner.

Plaintiff sued defendant for an attorney fee and won a verdict and judgment for $2,500 plus $750 interest. Defendant appeals.

Plaintiff sued in two counts, quantum meruit and account stated. Defendant first contends the trial court should have granted his motion for directed verdict on the quantum meruit count at the close of plaintiff's opening statement. This, on the ground the opening statement showed plaintiff intended to rely on account stated and did not state facts to support quantum meruit. We reject this contention.

The premise of defendant's argument is that plaintiff had an affirmative duty to make an opening statement disclosing facts to support quantum meruit. Making an opening statement is a privilege, not an obligation. The case of Hays v. Missouri Pacific Railroad Company, Mo., 304 S.W.2d 800 [1–7], describes two situations where a trial court may direct a verdict at the close of an opening statement. First, where plaintiff's opening statement discloses a fact precluding plaintiff's recovery as a matter of law; second, when it affirmatively appears plaintiff has covered the whole of his case in the opening statement and the facts stated would not make a submissible case. Neither situation existed here.

Since the plaintiff had no affirmative duty to make an opening statement on his quantum meruit count, the trial court properly refused to grant a directed verdict on that count. Plaintiff could, and did, reserve his election until the close of evidence. Kaiser Aluminum & Chemical Sales, Inc. v. Lingle Refrigeration Co., Mo.App., 350 S.W.2d 128 [5–8].

We pass on to the two points concerning the merits. Defendant admits he promised to pay plaintiff a $2,500 fee, but contends plaintiff failed to make a case on account stated since defendant's promise was provisional rather than definite. Defendant further contends the five-year statute of limitations barred plaintiff's action. These in turn.

Most facts are undisputed. Plaintiff had represented defendant in four lawsuits

brought by a bank on $38,000 in notes defendant had made or endorsed. Plaintiff got all the suits settled to defendant's satisfaction and soon thereafter they discussed plaintiff's fee. They agreed a $2,500 fee was fair and defendant agreed to pay that amount. Testimony differed about when the fee was to be paid. Plaintiff said there was no agreement about just when defendant was to pay; defendant said there was. At the time plaintiff's $2,500 fee for the bank cases was agreed upon plaintiff was also representing the defendant's wife in threatened condemnation proceedings concerning a hotel she owned. At the trial of this case defendant testified he agreed to pay plaintiff when his wife got the money from the hotel case. He also testified it was agreed plaintiff's fee in the hotel case would be large enough to cover the $2,500 fee for the bank cases.[1] Plaintiff denied both limitations.

In Urban Painting & Dry Wall Co. v. Sander, Mo.App., 446 S.W.2d 500 [1, 2], we held an action on account stated arose "when the parties, having had financial transactions between them, arrive at an agreement as to the balance due and the party debtor acknowledges his obligation to the party creditor and promises to pay. * * * The amount or balance so agreed upon constitutes a new and independent cause of action, superseding and merging the antecedent causes of action."

Plaintiff submitted his case by Instruction No. 3, MAI 26.04—Account Stated: "Your verdict must be for plaintiff if you believe: First, after the transaction mentioned in evidence plaintiff and defendant agreed in good faith that the stated sum of $2,500.00 was the amount defendant owed plaintiff, and Second, thereafter defendant failed to pay this stated sum unless you believe the plaintiff is not entitled to recover by reason of Instruction Number 4 or 5." Instructions numbers 4 and 5 were the affirmative defense instructions of payment

and the five-year statute of limitation: "Your verdict must be for defendant Albert Fein if you believe that plaintiff has already been paid for the services furnished to defendant." "Your verdict must be for defendant Albert Fein if you believe the account was stated between the parties more than 5 years prior to the date this lawsuit was filed."

The verdict for plaintiff under these instructions—for plaintiff on his verdict director and against defendant on both affirmative defenses—compels us to accept plaintiff's version of the facts in measuring the sufficiency of his evidence.

■ We reject defendant's point that his promise to pay plaintiff was "provisional, i. e., contingent or alternative." The verdict-consistent evidence was to the contrary and was sufficient to make a case on account stated.

Defendant's main attack on the judgment is based on §§ 516.100 and 516.120 V.A.M.S., the five-year statutes of limitation. Plaintiff filed this suit August 6, 1965. To bar his cause of action it must have accrued before August 6, 1960. Since the parties' oral agreement to the account stated created a new cause of action, the date of their conversation fixes the date of accrual. The parties differed about this date.

The bank's suit against defendant was settled July 7, 1960. Defendant testified the fee was agreed to two or three days later. This would fix the accrual of plaintiff's cause of action four weeks before August 6, 1960 and bar plaintiff's recovery. In contrast, plaintiff fixed the date of agreement several weeks later, between August 21 and August 31, 1960. This would fix the date of accrual several weeks after the crucial date of August 6, 1960 and preclude the five-year limitation defense. Plaintiff supported his time estimate by the date he was injured in an

---

1. Plaintif did later recover $15,000 from Mrs. Fein; see Fein v. Schwartz, Mo.App., 404 S.W. 2d 210.

automobile collision and further by the date he first billed defendant for the agreed fee.

■ Defendant contends plaintiff's testimony about the time of the agreement was destroyed by a previous contrary statement plaintiff made in a deposition. Therein plaintiff stated the time of the parties' agreement was "some time in July or August, 1960." At trial plaintiff explained he gave that answer before refreshing his recollection by the date of his accident and the date of his original billing to defendant. Plaintiff's deposition answer was a matter of impeachment and did not destroy the probative value of his answer at trial. Miller v. Multiplex Faucet Co., Mo., 315 S.W.2d 224 [1]. Considering plaintiff's explanation of the conflict, the weight to be given his trial testimony was for the jury. Goslin v. Kurn, 351 Mo. 395, 173 S.W.2d 79 [11, 12]. By its verdict the jury found against defendant on his affirmative defense of limitation, and we accept that factual determination in rejecting defendant's point that plaintiff's cause of action is barred by the statute of limitation as a matter of law.

■ By his last point defendant contends the court erred in allowing his own unsigned deposition to be used to impeach him. On trial defendant testified plaintiff's $2,500 fee for the bank cases was related to plaintiff's fee in his wife's litigation. Plaintiff's counsel then sought to impeach defendant by answers given in defendant's unsigned deposition. Therein defendant had squarely answered that he did owe plaintiff $2,500 for services in the bank cases.

Defendant now argues that an unsigned deposition is not competent evidence and cites cases holding an unsigned deposition may not be introduced in evidence as an admission against the interest of a deponent-party. Here the deposition was used not as an admission but for impeachment of the defendant-witness. We noted the distinction in Hutchinson v. Steinke, Mo. App., 353 S.W.2d 137 [8–10], saying: "Those cases, however, involve situations in which the unsigned depositions were sought to be introduced in evidence as admissions against interest. In the instant case the defendant's unsigned deposition was used for the purpose of impeachment as a prior inconsistent parol statement. The failure of a trial court to permit the use of portions of an unsigned deposition for impeachment purposes was held to be error in Peppers v. St. Louis-San Francisco Ry. Co., 316 Mo. 1104, 295 S.W. 757, 762, where it was said: * * * 'If the witness has not signed the deposition, he may be impeached as for any other parol statement, preferably however, by having the reporter taking the deposition read his original shorthand notes. We think the trial court erred in refusing to permit this method of examination.' " Here the defendant admitted the accuracy of his deposition so there was no need for further identification by the reporter. We find no error in plaintiff's use of defendant's deposition.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., not sitting.