## 28088. SMITH v. BERRY.

Jordan, Justice. This appeal arises from a judgment of the Muscogee Superior Court setting aside an adoption of a three-year-old female child, Linda Freda Smith, also known as Linda Freda Berry.

The child was born out of wedlock to Wanda Catherine Smith, now known as Wanda Catherine Berry, on February 25, 1970. On June 22, 1970, while a minor, appellee signed a sworn statement consenting to an application for adoption of her child by her father and mother, Charles Fredrick Smith and Mary Louise Smith, the appellants herein. Included in this sworn statement was a waiver of any service or notice that may be required by law in connection with any future proceedings concerning the adoption of the child. On June 26 appellants filed a petition for adoption in the Superior Court of Muscogee County. Attached to this petition was the aforementioned consent. On November 23, 1970, after an investigation by the Georgia Department of Family and Children Services, the final order of adoption was entered.

On August 25, 1972, Mrs. Berry, joined by her husband, the father of the child whom she had married, filed a complaint in the Superior Court of Muscogee County to set aside the adoption, regain custody of the child, and have other details pertaining to the child's legal status changed. Appellee contended, as the basis for her complaint in the trial court, that her signing of the consent was the result of material misrepresentations made to her by her mother constituting fraud. Appellee further contended that she relied on these statements to her detriment in signing the consent for adoption and giving up her child. A verdict was rendered by a jury in favor of appellee on February 5, 1973, and judgment was entered on the same date. On February 11, 1973, the appellants renewed their motion for a judgment n.o.v. and for a new trial. It is from a denial of these motions and other rulings made in the trial court that this appeal is filed. *Held:*

1. Appellant complains that it was error for the court to refuse to grant a motion for mistrial where counsel for the appellee, in his opening statement in a case wherein fraud was alleged, alluded to facts which had not been pleaded. Ga. L. 1966, pp. 609, 620 (Code Ann. § 81A-109 (b)) provides in part that: "In all averments of fraud, or mistake, the circumstance constituting fraud or

mistake shall be stated with particularity." The record shows that in its pleadings appellee set forth sufficient facts to satisfy the requirements of Code Ann. § 81A-109 (b). See *Neville v. Buckeye Cellulose Corp.,* 118 Ga. App. 439 (164 SE2d 257). The question remains whether the trial judge erred in failing to grant a mistrial due to the alleged improper remarks made in counsel for appellee's opening statement concerning appellant's financial motives. Counsel is limited in his opening statement to matters he expects to prove. *Seaboard C. L. R. Co. v. Zeigler,* 120 Ga. App. 276 (170 SE2d 60). The fact that counsel did not plead the particular facts objected to here, does not mean that he is estopped from arguing them. The grant of a mistrial because of improper remarks to the jury is largely within the discretion of the trial judge and his discretion will not be disturbed unless it is manifestly abused. *Bostick v. Usry,* 221 Ga. 647 (146 SE2d 882); *Seaboard C. L. R. Co. v. Zeigler,* supra. It is our opinion that in this case the remarks of counsel for appellee were not so prejudicial as to deny appellants the right to a fair trial.

2. Appellants also allege as error the trial judge's refusal to grant their motion for a directed verdict on the grounds that appellee did not present evidence to show a material misrepresentation of fact, and reliance on said misrepresentation by appellee as is required to set out a prima facie case of fraud. With this contention we cannot agree. There appears in the record sufficient evidence on which a jury could reasonably base a finding that there were in fact material misrepresentations and that the appellee did rely on these misrepresentations to her detriment. The appellee testified under oath that her mother had "tricked her into signing Freda over to them" by convincing her that it was the only way to keep the child from the Welfare Department. Appellee further testified that her mother told her that the consent form "was just a piece of paper within the family and it didn't really mean anything between us, that nothing was going to change. I was still going to be Freda's mother and she would be the grandmother." There were also representations to appellee that she could have the child if and when she got married. This was brought out on direct examination of appellee and corroborated in the testimony of Charles Fredrick Smith, father of appellee.

Appellee relied on these misrepresentations to her detriment when she signed the consent papers and lost her baby. It should be noted that at the time these allegations of fraud were made

appellant grandmother was in the courtroom and did not choose to testify on direct examination to refute the testimony alleging such fraudulent misrepresentations.

3. We have carefully reviewed the record as to the other enumerations of error cited by the appellant and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 6, 1973.

*G. Michael Agnew, Vincent P. McCauley,* for appellants.

*Owens, Littlejohn, Gower & Pugh, Neal B. Littlejohn,* for appellee.