308 So.2d 79 (1975)
Johnny BLACK
v.
STATE of Mississippi.
No. 48285.
Supreme Court of Mississippi.
February 17, 1975.
Rehearing Denied May 12, 1975.
H.R. Varnado, Jr., Belzoni, for appellant.
A.F. Summer, Atty. Gen., by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, SMITH and SUGG, JJ.
*80 SMITH, Justice:
Johnny Black was charged, by indictment, with a violation of Mississippi Code Annotated section 97-5-23 (1972), a felony. He was tried and convicted in the Circuit Court of Humphreys County and sentenced to serve five years in the penitentiary, two years of the sentence having been suspended. He has appealed and has assigned several grounds for reversal. Of the grounds assigned, three merit discussion in some detail.
(1) It appears from a stipulation of counsel that, after the jury had been selected and impaneled, upon inquiry by the court, the district attorney stated to the court that the prosecution did not desire to make an opening statement. Whereupon, counsel for defendant-appellant informed the court that the defense wished at that time to make an opening statement, nevertheless. The court ruled, however, that while this would not be permitted, the defense might make a statement of its case before presenting its evidence. This ruling by the court is cited by appellant as having constituted prejudicial error, requiring reversal. It is argued that Mississippi Code Annotated section 11-7-147 (1972) supports this contention. That section provides:
Before the introduction of the evidence, the plaintiff may briefly state his case orally to the jury, and the evidence by which he expects to sustain it. Then the defendant may briefly state his case, and the evidence by which he expects to support it.
The general rule applying to the situation appears to be as follows:
In the absence of statute, accused has no right to make an opening statement at the close of the prosecutor's opening statement, and it is discretionary with the court to allow the opening statement for the defense to be made after the close of the testimony for the prosecution. 23A C.J.S. Criminal Law § 1086 (1961)
In 93 A.L.R.2d 965 (1964) the rule is stated thus:
Where there is no statute or rule of court as to the time at which defense counsel in a criminal case may make his opening statement, the courts generally hold that it is a matter within the sound discretion of the trial court, and any exercise of such discretion will not be reversible error unless there is a clear showing of abuse of discretion or the defendant suffers some substantial injury.
We are unable to determine from the record in this case that appellant was prejudiced by the court's ruling. This is a matter which must be allowed to rest largely within the discretion of the trial court. In the absence of a showing of manifest abuse of discretion, or that substantial prejudice resulted, the action of a trial judge in such a case must be sustained. Here, appellant was not denied the right to state his defense prior to putting on his evidence. The prosecution having made no statement, the court merely postponed the making of the statement for the defense until the time came for presentation of the evidence for the defense. We cannot say, under these circumstances, that there was an abuse of discretion by the trial court or that any right of appellant was prejudiced thereby.
(2) When appellant testified as a witness in his own behalf, he was asked, on cross-examination, about his prior conviction of crime, as provided by Mississippi Code Annotated section 13-1-13 (1972). He readily admitted having been convicted of drunken driving "twice or three times," and of forgery. He then volunteered this statement to the district attorney "You are *81 not trying me for drunken driving." At this point, defense counsel interposed this objection: "Your Honor, we object." There was no ruling as to this, but the court intervened to say to the district attorney, "Counsel, you can ask him any other specific crimes that he has not already mentioned, if you have any." After several further questions were addressed to the witness by the district attorney, without objection, the court, sua sponte, again intervened to say to the district attorney "Counsel, ask the witness  refresh the witness' recollection and ask him the specific occasion in question  the nature of the crime involved." The district attorney then proceeded to question the appellant as to several specific charges, giving the place, offense and date. In each case appellant was asked if he had been convicted of the specific charge. He admitted conviction of some of the charges but denied that he had been convicted of others. No objection of any kind was made to the interrogation of appellant as to any of these specific charges.
However, upon the hearing of a motion for a new trial, following appellant's conviction, it was stipulated that the district attorney had used, in this examination of appellant, as to specific alleged convictions, a "sheet" furnished him by the sheriff's department, purporting to be the criminal record of the appellant, Johnny Black. Also, that he had held this record in his hands during the cross-examination, in view of the jury during much of the cross-examination, and had referred to it.
Nothing, however, appears in the record of the actual trial as to any of this. It was not until the hearing of the motion for a new trial that this "record" is first mentioned. It was neither introduced nor read to the jury. There is nothing significant or extraordinary in the fact that counsel referred to a paper which he held in his hands for dates, charges and places about which he was interrogating appellant. This, without more, was incapable of apprising the jury that the paper was (if it was) an official document. As a matter of fact, it appears from the record made in connection with the motion for a new trial that the paper referred to was a copy of an FBI "rap sheet." It was not admissible and was not offered.
A timely objection to the use of this paper, or to the specific questions based upon information it contained, was necessary to take advantage of the error, if it was error, on appeal. The trial court cannot be put in error in a matter of this kind as to which he was not called upon to rule.
In this state of the record, it was too late to raise the question for the first time on motion for a new trial. The district attorney did actually restrict his question in each case to asking appellant about his prior convictions. The cross-examination proceeded as to each specific item, without objection, and appellant was permitted to, and did, deny or affirm whether he had or had not been convicted in each case.
Under long established rules of this court, reversal cannot be predicated upon a trial court's failure to exclude evidence as to which there has been no timely objection or motion to exclude.
(3) Finally, the sufficiency of the evidence to support the verdict is challenged. There was direct testimony that appellant had, indeed, committed the offense with which he was charged. He testified as a witness in his own behalf and denied his guilt, thus creating an irreconcilable issue of fact. It was for the jury, as the trier of facts, to resolve this conflict.
*82 The judgment and sentence, therefore, must be affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.