346 So.2d 1209 (1977)
Victor Manuel MARTINEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-753.
District Court of Appeal of Florida, Third District.
May 10, 1977.
Rehearing Denied June 17, 1977.
Thomas F. Almon, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Victor Manuel Martinez appeals a second degree murder conviction.
*1210 Appellant first contends the trial court committed reversible error by including in the instructions to the jury a charge on flight on the ground that the evidence did not afford a basis for the charge. Specifically, appellant argues that the evidence demonstrated that he left the scene of the crime to take his wounded child to the hospital for treatment.
When a suspect endeavors to evade prosecution by flight from the vicinity of a crime, such fact may be shown as one of the circumstances inferring guilt which is to be considered by the jury under appropriate instructions. Mackiewicz v. State, 114 So.2d 684, 689 (Fla. 1959); Spinkellink v. State, 313 So.2d 666, 670 (Fla. 1975).
The testimony of the State's key eyewitness was that immediately after the shooting, the appellant fled from the bathroom (the scene of the crime) and knocked him unconscious in the process. In addition, the police officers testified that appellant had concealed two guns under the seat of his car. We conclude that was sufficient evidence to take to the jury the issue of whether appellant fled after the crime, and the court properly instructed the jurors with respect thereto. Cf. Hargrett v. State, 255 So.2d 298 (Fla.3d DCA 1971).
Appellant secondly argues that the trial court erred in failing to grant a new trial on the ground that the prosecution had failed to produce the criminal record or rap sheet of the victim pursuant to the defense's request to produce any criminal record which the deceased may have had in order to corroborate the appellant's contention that he shot the deceased in self-defense. We cannot agree.
It is apparent that the prosecution did not have within its actual or constructive possession any rap sheet on the victim nor did the prosecutor have any knowledge thereof, but rather this information was obtained by the medical examiner through a contact with the FBI. See State v. Coney, 294 So.2d 82, 87 (Fla. 1974). It further appears that after the conclusion of the trial defense counsel did, in fact, obtain the victim's rap sheet and could have obtained it before trial. Thus, the prosecution was under no duty to furnish the defense with the rap sheet when such evidence was otherwise reasonably attainable. See State v. Crawford, 257 So.2d 898 (Fla. 1972).
Last, appellant contends the trial judge committed reversible error in denying defense counsel's request to make an opening statement after the defense had commenced with the presentation of its case and its second witness was in the midst of testifying.
We find no abuse of discretion by the trial court in refusing to allow defense counsel to make an opening statement at this late date where he frankly admitted he had forgotten to make it at the appropriate time. See Henderson v. State, 158 Fla. 684, 29 So.2d 698 (1947) and cases cited therein. Moreover, we cannot say that the failure to present an opening statement resulted in defense counsel being ineffectual.
Affirmed.