NESBITT, Judge.
This is an appeal from an order entered by the Family Division of the Circuit Court of the Eleventh Judicial Circuit, which withheld an adjudication of delinquency.[1]
The juvenile was charged with burglary and grand theft of a Woolco Store. The evidence adduced indicated that on May 15, 1978, at approximately 2:00 A.M., police *605 officers responded to an automatic burglar alarm system at a Woolco store. Upon arrival, the officers observed a broken window. The area was cordoned off to prevent the getaway of the perpetrators who the officers believed were still inside the building. Shortly thereafter, two juveniles rushed from behind a garbage bin on the east side of the store some fifty feet from a door near which merchandise from the store had been stacked. One of the juveniles carried a C.B. radio. Both juveniles ran when they saw the approaching officers. Upon being apprehended, the juveniles “explained” their presence at the scene by stating that they were “looking for stuff in the garbage bin.” No other suspects were discovered or apprehended at the premises.
The state opened its evidentiary presentation by calling the manager of the victimized Woolco store. In an attempt to limit the issues for trial, both sides stipulated to his testimony, the effect of which was to establish the elements of the offenses leaving the identity of the perpetrator as the sole remaining issue.
The hour of the incident, the broken window, the merchandise stacked by the door, the C.B. radio carried by one of the juveniles, coupled with the evidence of flight, was sufficient to support the finding of delinquency. Daniels v. State, 108 So.2d 755 (Fla.1959); Martinez v. State, 346 So.2d 1209 (Fla. 3d DCA), cert. denied, 354 So.2d 983 (Fla.1977). Cf. Perry v. State, 117 So.2d 892 (Fla. 3d DCA 1965) (circumstantial evidence sufficient to support conviction of aiding and abetting in an assault with intent to commit robbery).
Like the trial judge below, we find the evidence was sufficient to show that the juvenile was the perpetrator and affirm.
PEARSON, J., concurs in result only.

. Since the questioned order “affected” the juvenile defendant, it has been made expressly appealable by Section 39.413(1), Florida Statutes (Supp.1978) [formerly numbered 39.411], which became effective October 1, 1978. Ch. 78^14, § 20, Laws of Fla.