21603

The STATE, Respondent, v. Malcolm BROWN, Appellant.
(284 S. E. (2d) 777)

*Asst. Appellant Defendant, Tara D. Shurling of S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Brian P. Gibbes,* Columbia, and *Asst. Sol. Steven Schmutz,* Charleston, *for respondent.*

November 24, 1981.

*Per Curiam:*

Appellant was convicted of distribution of unlawful drugs and was sentenced to thirty (30) months' imprisonment. He now alleges the trial court erred in refusing defense counsel the opportunity to make an opening statement before presentation of the State's evidence.

After the indictment was published by the trial judge, the State chose not to make an opening statement. The trial judge therefore ruled he had no authority to permit a statement by defense counsel.

An opening statement serves to inform the jury of the general nature of the action and defenses involved in a case so they will be better prepared to understand the evidence presented. *Smith v. Berry,* 231 Ga. 39, 200 S. E. (2d) 95 (1973). It has long been believed by practitioners that no right to opening statements exists in this state. Lanneau D. Lide, *Some "Uniques" in South Carolina Law,* 1 S. C. L. Q.

209 (1949). We have held the scope of an opening statement is within the discretion of the trial judge, but have not expressly ruled on the right to make such a statement. *State v. Harris*, S. C., 272 S. E. (2d) 636 (1980).

Courts which have dealt with the issue are divided on its resolution. However, there are those courts which have held the granting of an opening statement is discretionary with the trial judge. *Schwartz v. Fein*, 471 S. W. (2d) 679 (Mo. App. 1971); *People v. April*, 97 Ill. App. (2d) 1, 239 N. E. (2d) 285 (1968); *Henderson v. State*, 158 Fla. 684, 29 So. (2d) 698 (1947).

In addition, several states have held timing of an opening statement is also a matter left to the discretion of the trial judge. *Commonwealth v. Weeden*, 457 Pa. 436, 322 A. (2d) 343 (1974); *State v. Guffey*, 205 Kan. 9, 468 P. (2d) 254 (1970); *State v. Hargrove*, 282 Ala. 13, 208 So. (2d) 444 (1968). A trial judge's refusal to allow defense counsel's opening statement until after presentation of the State's evidence has been upheld. *Black v. State*, 308 So. (2d) 79 (Miss. 1975); *Perryman v. State*, 242 Ark. 461, 414 S. W. (2d) 91 (1967).

We hold both the granting and timing of opening statements are matters within the discretion of the trial judge. In the present case, the trial judge mistakenly believed he lacked authority to grant defense counsel's opening statement. Even assuming he would have exercised his discretion in favor of appellant, appellant's right to be heard on his defense was not substantially impaired. In reaching this conclusion we considered the lack of an opening statement by the State and the thorough closing argument given by defense counsel.

Accordingly, we affirm appellant's conviction for distribution of unlawful drugs.

Affirmed.