**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Roy Ellis Smith, Appellant.

Appellate Case No. 2017-000532

Appeal From Laurens County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2019-UP-231
Heard March 14, 2019 – Filed June 26, 2019

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Victor R. Seeger, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Appellant's argument the trial court erred in refusing to charge the jury the full definition of "manufacture," which includes a personal use exception: *State v. Cottrell*, 421 S.C. 622, 643, 809 S.E.2d 423, 435 (2017) ("A trial court is required to charge the current and correct law in South Carolina."); *State v. Stukes*, 416 S.C. 493, 498, 787 S.E.2d 480, 482 (2016) ("Jury instructions should be designed to enlighten the jury and aid it in arriving at a correct verdict."); *id.* ("Regardless of whether the charge is a correct statement of the law, instructions which confuse or mislead the jury are erroneous."); *Barber v. State*, 393 S.C. 232, 236, 712 S.E.2d 436, 438 (2011) ("The law to be charged must be determined from the evidence presented at trial." (quoting *State v. Knoten*, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001))); *Cottrell*, 421 S.C. at 643, 809 S.E.2d at 435 ("An appellate court will only reverse a trial court's decision regarding a jury charge if there is an abuse of discretion.").

2. As to Appellant's contention the trial court erred in denying his motion to exclude drug evidence based upon a defective chain of custody: *State v. Hatcher*, 392 S.C. 86, 91, 708 S.E.2d 750, 753 (2011) (stating a party offering fungible items, such as drugs or blood samples, into evidence must establish a complete chain of custody as far as practicable); *id.* at 95, 708 S.E.2d at 755 ("The ultimate goal of chain of custody requirements is simply to ensure that the item is what it is purported to be."); *State v. Carter*, 344 S.C. 419, 424, 544 S.E.2d 835, 837 (2001) ("[W]here there is a weak link in the chain of custody, as opposed to a missing link, the question is only one of credibility and not admissibility."); *State v. Sweet*, 374 S.C. 1, 6, 647 S.E.2d 202, 205-06 (2007) ("[I]f the identity of each person handling the evidence is established, and the manner of handling is reasonably demonstrated, no abuse of discretion by the trial court is shown in admitting the evidence absent proof of tampering, bad faith, or ill-motive."); *State v. Pulley*, 423 S.C. 371, 377, 815 S.E.2d 461, 464 (2018) ("Proof of chain of custody need not negate all possibility of tampering so long as the chain of possession is complete. In applying this rule, we have found evidence inadmissible only where there is a missing link in the chain of possession *because the identity of those who handled the [substance] was not established at least as far as practicable*." (citation omitted) (quoting *Carter*, 344 S.C. at 424, 544 S.E.2d at 837)).

3. As to Appellant's contention the trial court erred in overruling his objection to the solicitor's opening statement referring to methamphetamine as a curse and as a poison that destroys lives: *State v. Brown*, 277 S.C. 203, 204, 284 S.E.2d 777, 778 (1981) ("An opening statement serves to inform the jury of the general nature of the action and defenses involved in a case so they will be better prepared to

understand the evidence presented."); *id.* at 205, 284 S.E.2d at 778 ("[T]he scope of an opening statement is within the discretion of the trial judge. . . ."); *State v. Kornahrens*, 290 S.C. 281, 284, 350 S.E.2d 180, 183 (1986) (holding "[t]he solicitor is permitted in [the] opening statement to outline the facts the state intends to prove," and "[a]s long as the State introduces evidence to reasonably support the stated facts, there is no error"); *State v. Copeland*, 321 S.C. 318, 324, 468 S.E.2d 620, 624 (1996) ("A solicitor's closing argument must not appeal to the personal biases of the jurors. In addition, the argument may not be calculated to arouse the jurors' passions or prejudices, and its content should stay within the record and reasonable inferences to it."); *id.* at 324, 468 S.E.2d at 624-25 ("On appeal, the appellate court will view the alleged impropriety of the solicitor's argument in the context of the entire record."); *id.* at 324, 468 S.E.2d at 625 ("The appellant has the burden of proving [he] did not receive a fair trial because of the alleged improper argument."); *State v. Liberte*, 336 S.C. 648, 653, 521 S.E.2d 744, 747 (Ct. App. 1999) (finding improper an argument that "was calculated to appeal to the jury's passions and prejudices by playing on the jury's fear of the impact of drugs on our society," noting "[t]he argument *invited the jury to convict the Defendants, even if the evidence did not prove their guilt* beyond a reasonable doubt, in order to keep the streets safe from the scourge of drugs" (emphasis added)); *Humphries v. State*, 351 S.C. 362, 373, 570 S.E.2d 160, 166 (2002) ("Improper comments do not automatically require reversal if they are not prejudicial to the defendant, and the appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument."); *id.* ("The relevant question is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."); *State v. Hornsby*, 326 S.C. 121, 129, 484 S.E.2d 869, 873 (1997) ("A denial of due process occurs when a defendant in a criminal trial is denied the fundamental fairness essential to the concept of justice.").

**AFFIRMED.**

**HUFF, THOMAS, and KONDUROS, JJ., concur.**