## THE STATE v. BATEMAN.

1. **Practice**: CRIMINAL LAW: OPENING STATEMENT TO JURY. Prior to the enactment of chapter 19, laws of 1878, it was competent for the court in its discretion to. allow counsel in a criminal trial to make an opening statement to the jury.

2. ——: ——: ——. The court having permitted the district attorney to make an opening statement, at its close offered to allow counsel for defendant the same privilege, which was declined, counsel stating. however, that they would reserve the right to make a statement at the close of the evidence for the State. This having been passed in silence by the court and district attorney it was held erroneous to refuse to allow the statement to be made at the close of plaintiff's testimony, upon the objection of the district attorney. ROTHROCK, J., *dissenting*.

### *Appeal from Tama District Court.*

WEDNESDAY, DECEMBER 10.

THE defendant was indicted for the larceny of four hogs. He was tried, convicted and sentenced to the penitentiary for three years. The defendant appeals.

*W. H. Stivers* and *C. B. Bradshaw*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

DAY, J.—After the jury were sworn to try the cause, and before any evidence was offered by the State, the district attorney read to the jury the indictment, and stated the defendant's plea thereto, and immediately afterward commenced to make a statement to the jury of the cause on the part of the State. The defendant objected to the district attorney's making any statement of the cause, excepting to read the indictment and state the defendant's plea. The court overruled the

objection and the defendant excepted. The district attorney then made a detailed statement of what he expected to prove, and closed by saying that if he proved these facts he had " no fears at all as to what twelve responsible, substantial men of Tama county will do in the end." At the conclusion of this statement the court offered to let the defendant's counsel make a statement to the jury, but counsel declined to make any statement at that time, stating to the court at the same time that they would reserve the privilege of making a statement of their case until after the testimony in chief for the State should be introduced. At the close of the testimony for the State, and before any evidence was offered by the defendant, the defendant's counsel offered to make a statement of their case to the jury. To this the prosecution objected. the court sustained the objection and the defendant excepted.

I. The defendant insists that the trial must proceed in the order prescribed in section 4420 of the Code, and that the dis-

1. PRACTICE: criminal law: opening statement to jury. trict attorney had no right to make any statement of the case, other than to read the indictment and state the defendant's plea. Chapter 19, Laws of the Seventeenth General Assembly, provides that after the reading of the indictment the district attorney may briefly state the evidence by which he expects to sustain the indictment, and the attorney for the defendant may then briefly state his defense, and the evidence by which he expects to sustain it. This case, however, is not governed by the provisions of this chapter, having been tried before it went into operation. We are of opinion, however, that before the enactment of this statute it was competent for the court, in its discretion, to allow the district attorney to make a statement, and that the only effect of this statute is to secure, as a matter of right, what the court before might, in its discretion, grant or refuse.

II. It is claimed further, however, that the court, having permitted the district attorney to make a statement, should

2. ——: ——: have allowed the defendant to make a statement. The court did, at the conclusion of the statement of the district attorney, offer to let the attorneys of the defendant make a statement. They declined to do this at that time,

The State v. Bateman.

but informed the court that they would reserve the privilege of making a statement of their case until after the testimony in chief for the State should be introduced. If they had been informed that they must make the statement then or waive the right to make any statement, there would have been no error in refusing to permit them to make a statement after the testimony for the State had closed. But the passing of their suggestion in silence by the court, and by the district attorney, may have induced them to believe that no objection would be made to their statement, on account of the time at which it was proposed to offer it, and to waive the making of the statement before the introduction of any testimony. It must have been apparent, both to the court and to the district attorney, that the attorneys for the defendant waived the making of a statement before the introduction of any testimony in the belief that they would be permitted to make a statement at the close of the testimony for the State. As there was no rule or statute upon the subject at the time this cause was tried, and the court had, in its discretion, permitted the district attorney to make a statement before proceeding to the introduction of the testimony on the part of the State, the same privilege should have been extended to the defendant. The court might, without error, have refused to allow either the State or the defendant to make a statement. But the court could not legally grant the privilege to the State and refuse it to the defendant. It may be said that it is not shown that the defendant sustained any prejudice by the refusal. But the district attorney regarded the privilege of making the statement of such importance as to insist upon making it, notwithstanding the defendant's objection. If the privilege was important for the State, it was equally important for the defendant.

REVERSED.

ROTHROCK, J., *dissenting.*—I cannot concur in the conclusion reached in the foregoing opinion, nor in the reasoning upon which it is based. The opinion concedes that it would have been proper for the defendant to have made his statement

immediately after that made by the district attorney. The court then at the proper time offered to allow the defendant the privilege of making his statement. This was equivalent to saying to the counsel for the defendant that then was the time to make his statement. When counsel for the defendant declined, and stated that he would reserve his privilege until a later period in the trial, the court was not bound then to determine whether the statement could properly be made at any other time than at the opening of the trial. But whether the decision should have been made at that time or not, it was, impliedly at least, determined that then was the proper time, when the offer was made to allow the statement. The record does not show that the counsel for the defendant made any claim that they were misled, in any way, by the ruling of the court. No such claim was made at the time it was proposed to make the statement, nor was it made the ground of complaint in the motion for a new trial, nor even urged in argument. It seems to me to be rather a violent presumption to hold that counsel were misled by the silence of the court without that claim having been in some form made by counsel themselves. It should rather be presumed that the court made the offer at the proper time, according to the practice in that court.

But conceding that the defendant's counsel were taken by surprise, I think the error is too inconsiderable to require a reversal of the case. The object of a statement to the jury is to prepare their minds to receive the evidence as it is introduced. No other statement should be made except a recital of the facts which the party expects to prove. The only facts which the defendant sought to prove were these: his wife testified that she saw no hogs brought to his house at the time it was alleged the hogs were stolen; and another witness testified that the trains on the railroad did not slacken their speed at a certain point where other witnesses had sworn that a certain train was slowed up. This, aside from some evidence which tended to impeach some of the witnesses for the State, was all the evidence introduced by the defendant. Now how the jury could have failed to properly understand and weigh this evi-

dence without, a statement of it by counsel is more than I can comprehend. If they could not they were not the twelve intelligent men that the district attorney claimed them to be. The facts upon which the defendant relied were so few and so plain as to need no statement, and as the law then was I think there was no abuse of the discretion of the court, which could have in the least prejudiced the defendant.