HESTER STONE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. An abuse of discretion in refusing a continuance is not shown when the absent witness is wanted merely for an impeachment for which the predicate had not been laid.

2. On a trial for murder in the first degree the court may give the statutory definition of murder in the second degree though the evidence may not make out strictly a case of that degree.

3. There being credible evidence of murder in the first degree, a verdict of murder in the second degree will not be disturbed.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

COCKRELL, J.—Hester Stone was indicted in the Circuit Court for Walton County for murder in the first degree, by cutting to death with a knife one Nancy Campbell. She was convicted of murder in the second degree and sentenced to life imprisonment.

Upon her arraignment at the Spring term, 1908, she was granted at her instance a continuance to the then ensuing Fall term and upon being put to trial at that term she moved a further continuance upon the ground of the absence of a witness, and the refusal of this continuance constitutes the first assignment of error. We find no abuse of discretion in the denial of the motion.

The testimony she expected to procure was the evidence of one A. H. Hilson, the committing officer, to the effect that the principal State witness had made at the preliminary hearing a statement different from that given by her at the trial. No proper predicate was laid for the impeaching evidence, there were numerous other witnesses present at the preliminary hearing who might have been called had the proper predicate been laid, and the necessity of an adjournment to another term to secure Hilson's presence is not sufficiently shown. Other objections might be urged and multiplied.

The court gave the statutory definition of murder in the second degree and this is assigned for error. There was no error here. Our statutory definition of manslaughter is reached by a process of exclusion, being in substance an unlawful killing which is not murder in

any of its degrees, and to define it correctly to the jury it is proper to give the statutory definitions of murder, even though the evidence may not make out strictly a case of one of the higher crimes.

In the charge of the court upon the crime of manslaughter charged in the indictment along with that of murder, there appeared in the original transcript a clerical misprision, in that it permitted the jury to find manslaugther when the facts hypothesized would justify a verdict of murder in the first degree, but this slip did not in fact exist as shown by the corrected copy of the charges now of file before us.

There was credible evidence from which the jury might have found a verdict of murder in the first degree and under the statute we shall not disturb the one rendered.

The judgment is affirmed.

All concur, except PARKHILL, J., absent on account of illness.