**AL C. WOODS v. STATE OF FLORIDA**

17 So. (2nd) 112      January Term, 1944
February 25, 1944      Division B

204

Jordan Johnson, for appellant.

*J. Tom Watson*, Attorney General, and *John C. Wynn*, Assistant Attorney General, for appellee.

BUFORD, C. J.:

Under an information charging assault with intent to commit murder in the first degree, the appellant was convicted of the offense of assault with intent to commit manslaughter. Judgment was entered and appeal has been perfected.

Appellant has posed three questions for our consideration and disposition, as follows:

I. "Should the trial court allow counsel for the defense to make an opening statement to the jury?"

II. "Does the proprietor of a public saloon have the right to forcibly expel a person from his saloon, when the person is not drunk or breaking the peace, is not guilty of turbulence or profanity, and is conducting himself in an orderly manner?"

III. "Must it be found that the accused committed an assault with intent to take life in order to sustain a conviction of assault with intent to commit manslaughter?"

The first question must be determined adversely to appellant's contention. In the case of McCall v. State, 116 Fla. 179, 156 So. 325, we said:

"We also think that it is a fair practice conducive to the administration of justice for the court to allow both the State Attorney and counsel for the defense in criminal prosecutions to make opening statements to the jury outlining the theory of the prosecution and of the defense by respective counsel so that the jury may better understand issues which they are to determine."

We did not hold, however, that for the trial court to decline to allow such opening statement to be made by counsel would constitute reversible error.

In the absence of statute providing that such course shall prevail, the matter of whether or not counsel shall present opening statements prior to the introduction of evidence is one which must be left to the sound judicial discretion of the trial court and where the court declines to allow such opening statements to be made by counsel the burden is on the party asserting error to affirmatively show that such action on the part of the court has resulted in great prejudice to the defendant or in a miscarriage of justice. See Sec. 54.23 F.S. 1941. (same F.S.A.).

In the instant case there is no showing that any result prejudicial to the accused followed the trial court's action in this regard.

As we read the record the second question is not tenable because there is a conflict in the evidence concerning the propriety of the conduct of the appellant and whether or not his conduct was such as to warrant the proprietor of the place of business in which that conduct occurred in using such reasonable means as the jury may have determined from the evidence the proprietor did use in the effort to eject the appellant from the premises. This was a matter for determination by the jury and there was substantial evidence to constitute a basis for determination by the jury that appellant had been guilty of such misconduct as to warrant the proprietor of the place of business in the effort which the jury were warranted in finding he did use in this regard.

As to the third question, it is only necessary to say that if the evidence was amply sufficient to have supported a verdict and judgment of guilty of the offense of assault to commit murder in the second degree, then the judgment should be affirmed.

It has been repeatedly held by us that where one is found guilty of one of the lower degrees of homicide the judgment will not be reversed because of insufficiency of the evidence to support a verdict of that degree of homicide' when the record discloses that the evidence was sufficient to have supported a verdict and judgment for a higher

degree of homicide. Pruitt v. State, 143 Fla. 897, 197 So. 519. Also see Ammons v. State, 88 Fla. 444, 102 So. 642; Morrison v. State, 42 Fla. 149, 28 So. 97; Owens v. State, 65 Fla. 483, 62 So. 651; Stone v. State, 57 Fla. 28, 48 So. 996; Dedge v. State, 68 Fla. 240, 67 So. 43; Johnson v. State, 24 Fla. 162, 4 So. 535, approved and distinguished in Marshall v. State, 32 Fla. 462, 14 So. 92; and Brown v. State, 31 Fla. 207, 12 So. 640.

The same rule necessarily applies to assault with intent to commit unlawful homicide.

In this case, however, we find that the evidence was not sufficient to support a verdict of conviction of an offense of higher degree than aggravated assault.

We, therefore, exercise the power vested under the provisions of Sec. 310 Criminal Procedure Act and reverse the judgment with directions that appellant be remanded to the trial court and that the trial court thereupon enter judgment against the said Al C. Woods as guilty of aggravated assault and impose appropriate sentence for such offense.

So ordered.

Reversed and remanded.

BROWN, THOMAS and SEBRING, JJ., concur.