17 So.2d 871
### STEWART v. STATE.
6 Div. 224.

Supreme Court of Alabama.

May 11, 1944.

Wm. Conway, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., for the State.

FOSTER, Justice.

Appellant was tried for murder in the first degree, convicted for murder in the second degree, and sentenced to the penitentiary for thirty-three years.

Before the trial was entered upon, defendant moved to quash the venire on the ground that several persons who had been summoned for jury service for the week in which defendant was being tried had been excused by the judge organizing the juries for that week, without the consent of defendant, and they did not then appear on the venire for the week. The court overruled the motion, and defendant excepted.

We need not inquire into the question of whether such a motion properly presents defendant's contention in the light of our case of Irwin v. State, 220 Ala. 160, 124 So. 410, for we do not think the defendant had a right to be present and be heard in respect to the excuses of jurors presented to the judge organizing the jury for that week in view of the law which has application to Jefferson County in the trial of such cases; nor that the principle of Stinson v. State, 223 Ala. 327, 135 So. 571, and Smallwood v. State, 235 Ala. 425, 179 So. 217, is here controlling.

Under the statutes which provide for a special venire in capital cases to include those "drawn on the regular juries [of] the week," we held in those cases that the court could not prior to the date of trial excuse any of them who had been thus drawn for service that week. Section 8644, Code of 1923. In that respect section 63, Title 30, Code of 1940 is not materially different. But by section 7 of the Act of September 13, 1935 (page 1010), section 226, Title 62, Code of 1940, no special venire is required in Jefferson County for the trial of capital felonies, but the venire shall be twenty-four competent jurors obtained from the regular juries in the court. The effect and constitutionality of that Act has been sustained. Dixon v. State, 27 Ala.App. 64, 167 So. 340, certiorari denied 232 Ala. 150, 167 So. 349.

Under that set up, the defendant in a capital case in Jefferson County must be content with twenty-four competent jurors regularly organized for jury service that week, and has no right to have included others who were drawn for jury service but excused by the judge by authority of law. Under sections 4 and 5, Title 30, Code of 1940, the court in organizing a jury for the week has a discretion to excuse veniremen from such service.

There was no error in respect to the ruling on said motion.

In qualifying the jurors to obtain twenty-four who were competent the court correctly allowed the State to challenge those for cause who stated that they would not convict on circumstantial evidence, section 57, Title 30, Code of 1940, and denied without error the privilege to defendant's counsel of making an opening statement to the jury of what he expected to show by the evidence in support of her plea. The privilege of making such statement, especially when the solicitor has not made one, is discretionary with the trial judge, not to be arbitrarily used. Burns v. State, 226 Ala. 117(4), 145 So. 436; Handley v. State, 214 Ala. 172, 106 So. 692.

We have examined the objections and exceptions made during the progress of the trial, and find nothing in them of a sort to justify a reversal.

The oral charge of the court fully and correctly stated the principles of law affecting all aspects of the case, and the refused charges were all fully covered in substance insofar as they assert correct legal principles. We find no error in the record, and the judgment and sentence are affirmed.

Affirmed.

THOMAS, LIVINGSTON, and STAKELY, JJ., concur.