THOMAS, Justice.
The appellant was charged with murder in the first degree, was convicted of murder in the second degree, and was sentenced to serve a period of years in the penitentiary.
The appellant questions the sufficiency of the evidence to support the verdict. The *778 salient facts may be summarized in a few sentences. A Bahamian, known as “Big Wheel,” was seated next to the driver in a taxicab when the appellant approached and started to address the driver. “Big Wheel” intruded by asking the appellant: “What’s the matter?” Whereupon the appellant for no apparent reason replied with the question “What the hell do you think is the matter?” Both occupants of the taxicab then got out and the appellant and “Big Wheel” met at the back of the car. While the appellant “had [‘Big Wheel’] by the collar and ‘Big Wheel’ had his hand on [appellant’s] shoulder” appellant wielded his knife and fatally wounded “Big Wheel.” Evidently the victim had no weapon in his hand, or, so far as we can tell from the record, on his person.
The defendant’s story varied in no important detail the facts already related, except he said “Big Wheel” grabbed him and slapped him when he- came out of the car, and ran his hand in his pocket. This was the simple introduction to the murder by appellant of a man-whom, in the defendant’s own words, he had never seen and whose name he did not know.
There was meager evidence of any extenuating circumstances. 'All we have noted from th$ record were that “Big Wheel” weighed about one hundred and eighty pounds while appellant weighed one hundred .and thirty; that the appellant surrendered- to the police; and that “Big Wheel,”, according, to the . appellant’s version of the incident, put his hand in his pocket. These circumstances considered separately and collectively indicated no excuse for the act, the viciousness of which was established by the doctor’s description of the wound inflicted.
We think the testimony shows that the appellant committed murder in the first degree, and he cannot complain, therefore, about a verdict of guilty of the lesser crime, Woods v. State, 154 Fla. 203, 17 So.2d 112.
The appellant urges us to reverse the judgment because of a question asked him by. the assistant state attorney: “Is that the first time you ever cut a man?” This question, he says, was clearly improper. Assuming it was, no prejudicial error resulted because the attorney for the appellant promptly objected and the court without hesitance sustained the objection. There was no argument of the matter and it ended then and there. The question was a simple inquiry and nothing in it amounted to an insinuation even that the appellant had been guilty of like conduct on a prior occasion.
We have said that when improper questions are propounded the court should be requested to charge the jury to disregard them, unless they are of such character that the error would not be cured by such a charge, Perry v. State, 146 Fla. 187, 200 So. 525. Clearly the attorney thought this question was not so flagrantly wrong for he requested no admonition from the judge to the jury, and, as clearly, the question would not have justified a mistrial on the theory that it was so prejudicial the jury should have been discharged and a new one empanelled.
Presentation of the remaining question brings to our attention comment of the assistant state attorney to the jury relative to appellant’s motive for slaying his victim. Evidently the assistant state attorney argued to the ’jury that appellant committed the homicide because .of his animosity toward Negroes from Nassau. The man appellant killed lived in a camp occupied by men brought from the Bahamas to perform manual labor. The, appellant recognized the victim as :a person from Nassau by his accent when they exchanged remarks before the victim-got out of the car.
We do not take judicial notice of hostility between' the Negroes of America and those of the Bahamas but from the nature of the remarks and the fact that the appellant had never seen the man he was to kill within minutes, it does not seem to us the prosecuting officer went very far afield in speculating that when the appellant heard “Big Wheel’s” voice and, according to his own testimony, recognized the Bahamian accent, the realization that he was facing a Bahamian had something to do with the animus appellant so quickly generated, and the speed with which he dispatched “Big *779 Wheel.” In any event when we consider that there was evidence on which a verdict of murder in the first degree could have been founded and which would have required a sentence to death by electrocution, or life imprisonment if the jury had recommended mercy, we conclude that no injustice was suffered by the • appellant either by reason of the question the prosecuting officer directed to him or the comment the prosecuting officer addressed to the jury. Cornelius v. State, Fla., 49 So.2d 332.
We approve the rulings of the trial court and affirm his judgment that the appellant was guilty of murder in the second degree, but we remand the case to the trial judge for imposition of a proper sentence inasmuch as the sentence imposed is void on its face. The appellant was sentenced to serve ten years in the state penitentiary but the statute, Sec. 782.04, Florida Statutes 1953, and F.S.A., prescribes for murder in the second degree the punishment of “imprisonment in the state prison for life, or for any number of years not less than twenty years.” (Italics ours.)
Judgment affirmed; sentence ordered vacated.
DREW, C. J., and ROBERTS and THORNAL, JJ., concur.