Henry M. COLEMAN

v.

E. L. PADERICK, Superintendent of the
Virginia State Penitentiary.

Civ. A. No. 73–370–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 19, 1974.

Henry M. Coleman, pro se.

Linwood T. Wells, Jr., Asst. Atty. Gen. of Va., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

This matter comes before the Court on the respondent's motion to dismiss. Coleman, a prisoner of the Commonwealth, petitions for habeas corpus relief pursuant to 28 U.S.C. § 2241 alleging that his conviction for second degree murder was obtained in violation of the Constitution. More specifically, the petitioner makes the following allegations:

(1) Denial of effective assistance of counsel at trial;

(2) Denial of due process when the trial court sustained the Commonwealth's objections to defense counsel's opening statement that the defendant was entitled to a presumption of innocence;

(3) Denial of due process in that there was insufficient evidence to support the verdict;

(4) Denial of due process in the trial court's rulings on jury instructions;

(5) Denial of due process in that the prosecutor was allowed to make statements prejudicial to the defendant in his closing argument to the jury.

■ First, the allegation of denial of effective assistance of counsel has never been presented to the state courts. For reasons of comity, this Court usually requires exhaustion of state judicial remedies before entertaining a petition for habeas corpus. Fay v. Noia, 372 U.S. 391, 425–426, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); 28 U.S.C. § 2254. Since, however, its review of the record convinces the Court that petitioner was ably represented by competent counsel, the Court finds that petitioner's allegation of lack of effective counsel lacks merit and, therefore, for reasons of judicial economy will dismiss it without requiring further exhaustion.

■■ Second, petitioner alleges that he was deprived due process when the trial court sustained the Commonwealth's objections to defense counsel's opening statement that the defendant was entitled to a presumption of innocence. This allegation also lacks merit. A trial judge has no obligation to permit opposing counsel to make opening statements; and if the trial judge in his discretion allows opening statements, due process does not require that the defendant be entitled to have the jury instructed at that time as to the presumption of innocence. As Judge Parker stated in Dodson v. United States, 23 F.2d 401, 403 (4th Cir. 1928), ". . . [a]n instruction given at the beginning of the trial is likely to be forgotten or misunderstood." *Dodson, supra,* teaches that a defendant is entitled to have the jury instructed as to his presumption of innocence at the end of the presentation of

evidence, and the record shows that this instruction as to presumption of innocence was forcibly and clearly given to the jury at the time when they were given the other instructions in the case.

 Third, the petitioner alleges that the evidence was insufficient to support the verdict of guilty of murder in the second degree. A federal habeas court will normally not disturb a state court criminal conviction unless the record is totally devoid of evidentiary support. *Cf.* Thompson v. Louisville, 362 U.S. 199, 206, 80 S.Ct. 624, 4 L.Ed. 2d 654 (1960). Since the Court finds sufficient evidence in the record from which the jury could have found petitioner guilty of murder in the second degree, this contention must fail.

 Fourth, petitioner alleges further that the trial court erred in granting certain jury instructions to the Commonwealth, while denying certain of the defendant's jury instructions. Questions respecting jury instructions are usually matters of state law and do not rise to constitutional magnitude unless the instructions are so fundamentally unfair as to impugn due process. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). The Court does not find that the jury instructions given by the trial judge were so clearly erroneous or oppressive as to deny petitioner fundamental fairness.

 Finally, the petitioner contends that prejudicial error was committed by special counsel assisting the Commonwealth in his closing argument to the jury. The petitioner's counsel did not object to the tenor of the special counsel's line of argument at trial and has conceded in a brief filed with the Supreme Court of Virginia pursuant to defendant's appeal of his conviction to that court that the failure to object was deliberate, and done for tactical reasons. Brief for defendant at 15–16. A federal habeas judge ". . . may in his discretion deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." Fay v. Noia, *supra*, at 438, 83 S. Ct. at 849. However, the discretion of the federal habeas judge is narrow. The Court must find, not only that counsel has deliberately bypassed state procedures, but also that the defendant has participated in the decision. *Id.* at 439, 83 S.Ct. 822. Although the record clearly indicated that counsel deliberately failed to object to the allegedly prejudicial testimony at trial, it does not show that the defendant participated in the decision. In fact, it is quite probable that the layman defendant did not entertain at all the possibility of objecting to special counsel for the Commonwealth's lengthy peroration delivered at the conclusion of the trial. Consequently, on the record before it, the Court finds that the petitioner did not deliberately waive his right to object to the Commonwealth's allegedly prejudicial closing argument at trial and will permit him to litigate the issue for the first time in these proceedings.

 From its review of the record, the Court concludes that the prosecution's argument was "strong-flavored" but not so prejudicial as to deny petitioner due process. The prosecution struck "hard blows," but not "foul" ones. Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). The Commonwealth did not have a weak case, and there was substantial evidence in the record from which a jury could conclude that petitioner was guilty beyond a reasonable doubt. *Id.* at 89, 55 S.Ct. 629; United States v. Isaacs, 493 F.2d 1124, 1164 (7th Cir. 1974).

The Court, having considered the whole record of petitioner's state court conviction and not having found that petitioner was denied fundamental fairness, will grant the respondent's motion to dismiss.