**UNITED STATES of America, Appellee,**

v.

**Edwin R. SALOVITZ, Appellant.**

**No. 443, Docket 82–1240.**

United States Court of Appeals, Second Circuit.

Argued Nov. 18, 1982.

Decided Feb. 16, 1983.

Richard A. Reeve, Asst. Federal Public Defender, New Haven, Conn. (Thomas G. Dennis, Federal Public Defender for the D. Conn., New Haven, Conn., on brief), for appellant.

Kurt F. Zimmermann, Asst. U.S. Atty., New Haven, Conn. (Alan H. Nevas, U.S. Atty., and Michael Hartmere, Asst. U.S. Atty., New Haven, Conn., on brief), for appellee.

Before TIMBERS, VAN GRAAFEI-LAND and PRATT, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Rule 12(e) of the Rules of Civil Procedure of the United States District Court for the District of Connecticut, incorporated by reference into that District's Rules of Criminal Procedure, provides that opening statements by counsel are not allowed except on application to the presiding judge. Appellant challenges the validity of this Rule on the ground that a criminal defendant has a constitutional right to have his attorney make an opening statement. We disagree.

Edwin R. Salovitz appeals from a judgment of the United States District Court for the District of Connecticut convicting him, following a jury trial before Judge Eginton, of making and subscribing false and fraudulent Employer's Quarterly Fed-

eral Tax Returns, in violation of 26 U.S.C. § 7206(1) (1976). Salovitz moved before trial for permission to make an opening statement, but the trial court denied the motion, stating that, because the case was fairly simple, openings were unnecessary. The court did, however, read the indictment to the jury and added the usual cautionary instructions.

Appellant's principal contention on appeal is that the foregoing ruling was error. He argues that the opening statement was an essential component of his constitutional right to trial by jury and to the effective assistance of counsel. We hold, however, that a defendant's unfettered right to make an opening statement, unlike his right to a closing argument, is not one of the "traditions of the adversary factfinding process that has been constitutionalized in the Sixth and Fourteenth Amendments." *Herring v. New York,* 422 U.S. 853, 857, 95 S.Ct. 2550, 2552, 45 L.Ed.2d 593 (1975) (closing argument case).

Although a form of trial by jury existed in England as early as the twelfth century, A. Esmein, *A History Of Continental Criminal Procedure* 324 (1913), it differed widely from our modern litigation process. Early juries heard no testimony, but decided cases largely according to the jurors' own knowledge of the facts. *Id.* at 326–27. Several centuries elapsed before the process developed of having witnesses appear and testify, *id.* at 328, and it was not until the seventeenth century that witnesses were permitted to testify on behalf of defendants in criminal cases, *id.* at 342. Even then, in cases involving capital crimes, the defendants were without the benefit of counsel, the assistance of counsel not becoming their legal right until well into the nineteenth century. *Id.*

During the sixteenth and seventeenth centuries, defendants often were compelled to submit to interrogation before and during trial. *Id.* at 341–42. By the eighteenth century, the practice of compulsory testimony was largely abolished. The defendant's role in his trial then became largely that of a passive participant, although he was usually allowed to make an unsworn "statement" if he so desired. *Id.* at 350. With the enactment in 1898 of the Criminal Evidence Act, the defendant was allowed to become a voluntary witness on his own behalf. L. Orfield, *Criminal Procedure From Arrest to Appeal* 357 (1947). Although prior to that time defense counsel were permitted to make an opening statement at the close of the prosecution's case, *see, e.g.,* The Criminal Procedure Act of 1865 § 2, III Chitty's Statutes 290–91 (6th ed. 1912), this obviously was a right of limited scope. Because the defendant could not testify, his counsel was not allowed to tell the defendant's story for him. 2 Bishop's New Criminal Procedure § 972 at 793 (2d ed. 1913).

Quite clearly, there was no settled body of English law concerning opening statements to which the framers of our Constitution could look when the Sixth Amendment was drafted in 1789. It is little wonder, then, that, as the years went by, each State decided for itself what procedure its courts would follow. Some States provided by statute that the defendant might open after the prosecution had completed its case.[1] Others provided that the defendant's opening might be made immediately following the prosecution's.[2] Other States gave the defendant the option of opening either before or after the prosecution's proof.[3] Some States permitted the defendant to exercise the option of reserving his opening statement until the close of the State's case

---

**1.** *See, e.g.,* Mo.Rev.Stat. § 546.070 (1959); Okla.Stat. tit. 22 § 831 (1961); Cal.Penal Code § 1093 (West 1970).

**2.** *See, e.g.,* N.Y.Crim.Proc. § 260.30 (McKinney 1982); Ohio Rev. Code Ann. § 2945.10 (Page 1982); Ill.Ann.Stat. ch. 110 A, P.R. §§ 235, 432

(Smith-Hurd 1976); Ark.Stat. Ann. 43–2111 (1977); Ind.Code Ann. § 35–1–35–1 (Burns 1979); Va.Code § 19.2–265 (1975).

**3.** Mont.Code Ann. § 46–16–40 (1981); Pa.Rules of Crim.Proc. No. 1116; Kan.Stat. Ann. § 22–3414 (1981).

only if the defendant was going to present evidence.[4]

Still other States, of which Connecticut is one, permit the trial court to decide in its discretion whether a defendant may open at all. *See, e.g.:*

*State v. Brown,* 277 S.C. 203, 284 S.E.2d 777, 778 (1981) (per curiam)

> We hold both the granting and timing of opening statements are matters within the discretion of the trial judge.

*Woods v. State,* 154 Fla. 203, 205, 17 So.2d 112, 113 (1944)

> In the absence of statute providing that such course shall prevail, the matter of whether or not counsel shall present opening statements prior to the introduction of evidence is one which must be left to the sound judicial discretion of the trial court . . . .

*Stewart v. State,* 245 Ala. 511, 512, 17 So.2d 871, 872 (1944)

> The privilege of making such statement, especially when the solicitor has not made one, is discretionary with the trial judge, not to be arbitrarily used.[5]

There are no federal statutes or rules dealing with opening statements, and what little case law there is does not discuss the issue in constitutional terms. In *United States v. Stanfield,* 521 F.2d 1122, 1125 (9th Cir.1975) (per curiam), the court said "[w]e strongly believe that the well established and practical custom of permitting opening statements by counsel at jury trials in criminal cases should be continued in the district courts of this circuit." In *United States v. Hershenow,* 680 F.2d 847, 858 (1st Cir.1982), Judge Bownes, writing for the Court, said "we now rule that, provided he confines himself to a discussion of what he hopes to show, a defendant in a criminal case has a right to make an opening regardless of whether he intends to call witnesses, and may do so immediately after the prosecu-

tor's opening, absent good cause shown to the contrary." But see *Lewis v. United States,* 11 F.2d 745, 747 (6th Cir.1926), where the Court said that "an opening statement should not have been made by counsel, if he did not expect to introduce evidence tending to substantiate it." See also *Thompson v. People,* 139 Colo. 15, 336 P.2d 93 (1959), *cert. denied,* 361 U.S. 972, 80 S.Ct. 606, 4 L.Ed.2d 552 (1960), in which the denial of an opening was held not to be improper where no evidence was to be produced by the defense. In *Coleman v. Paderick,* 382 F.Supp. 253, 254 (E.D.Va.1974), the court stated categorically that "[a] trial judge has no obligation to permit opposing counsel to make opening statements . ·. . . ."

We have held in a civil case that "opening is merely a privilege to be granted or withheld depending on the circumstances of the individual case." *United States v. 5 Cases, More or Less, Containing "Figlia Mia Brand",* 179 F.2d 519, 522 (2d Cir.), *cert. denied,* 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950); *accord Clark Advertising Agency, Inc. v. Tice,* 490 F.2d 834, 836–37 (5th Cir.1974). We have also affirmed a ruling by the trial court requiring counsel for criminal defendants to make their opening statements immediately after the prosecution's, or not make them at all. *United States v. Conti,* 361 F.2d 153, 158 (2d Cir. 1966), *vacated on other grounds,* 390 U.S. 204, 88 S.Ct. 899, 19 L.Ed.2d 1035 (1968).

■ It is common knowledge that defense counsel quite often waive openings as a simple matter of trial strategy. *Tahl v. O'Connor,* 336 F.Supp. 576, 582 (S.D.Cal. 1971), *aff'd,* 460 F.2d 1068 (9th Cir.) (per curiam), *cert. denied,* 409 U.S. 1042, 93 S.Ct. 536, 34 L.Ed.2d 493 (1972); *People v. Travis,* 10 Ill.App.3d 714, 717–18, 295 N.E.2d 325, 327–28 (1973), *cert. denied,* 415 U.S. 928, 94 S.Ct. 1438, 39 L.Ed.2d 486 (1974). Such a waiver has been held to be "trivial",

---

4. *See, e.g.,* N.C.Gen.Stat. § 15 A–1221(4)(6) (1979); Iowa Code Ann. § 813.2 Rule 18(3) (1982).

5. Prior to the enactment of the Iowa Statute, *see* n. 4, *supra,* the Iowa Supreme Court stated

that the trial court "might, without error, have refused to allow either the State or the defendant to make a statement." *State v. Batemen,* 52 Iowa 604, 606, 3 N.W. 622, 624 (1879).

*United States ex rel. Crispin v. Mancusi,* 448 F.2d 233, 237 (2d Cir.), *cert. denied,* 404 U.S. 967, 92 S.Ct. 346, 30 L.Ed.2d 288 (1971); *United States v. Robinson,* 502 F.2d 894, 896 (7th Cir.1974), a "tactical decision", *United States v. Decoster,* 624 F.2d 196, 213–14 (D.C.1979) (en banc), a "matter of professional judgment", *Williams v. Beto,* 354 F.2d 698, 703 (5th Cir.1965), "particularly within the realm of trial strategy", *Commonwealth v. Tarver,* 253 Pa.Super. 185, 190, 384 A.2d 1292, 1295 (1978), and ordinarily will not form the basis for a claim of ineffective assistance of counsel, Finer, *Ineffective Assistance of Counsel,* 58 Cornell L.Rev. 1077, 1093–94 (1973). Language such as the above quoted is not the sort that is used when describing defendants' intentional relinquishment of known constitutional rights. *See Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963); *United States v. Moss,* 562 F.2d 155, 163–64 (2d Cir.1977), *cert. denied,* 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978).

The function of an opening statement is merely to "state what evidence will be presented", *United States v. Dinitz,* 424 U.S. 600, 612, 96 S.Ct. 1075, 1082, 47 L.Ed.2d 267 (1976) (Burger, C.J., concurring), to provide an "outline of proposed proof", *United States v. Escobedo,* 430 F.2d 14, 20 (7th Cir.1970), *cert. denied,* 402 U.S. 951, 91 S.Ct. 1632, 29 L.Ed.2d 122 (1971). "[I]t is not an occasion for argument." *United States v. Dinitz, supra,* 424 U.S. at 612, 96 S.Ct. at 1082 (Burger, C.J., concurring). It is this distinction, we believe, that prompted the Supreme Court in *Herring v. New York, supra,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593, to limit its holding to summations by counsel and to negate any implication that a constitutional right to argument might exist at another stage of the trial. *Id.* at 863 n. 13, 95 S.Ct. at 2555 n. 13.

■ "The Constitution requires no more than that trials be fairly conducted and that guaranteed rights of defendants be scrupulously respected." *McGautha v. California,* 402 U.S. 183, 221, 91 S.Ct. 1454, 1474, 28 L.Ed.2d 711 (1971); *see Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). We believe that an opening statement by the defendant is not such a guaranteed right, and that the making and timing of opening statements can be left constitutionally to the informed discretion of the trial judge.

■ We find no abuse of discretion in this case. The case was short, the issues were simple, and neither the Government nor the accused made opening comments. Moreover, assuming for the argument only that the district court erred, the overwhelming evidence of defendant's guilt made the error harmless.

■ Appellant also argues that the district court erred in refusing to allow his counsel to impeach a Government witness concerning a series of "bad" checks issued by the witness. The district court permitted defense counsel to impeach this witness by cross-examining her concerning false statements made in connection with thirteen loan applications, and by calling another witness to testify about collateral wrongdoing not denied by the Government witness. In view of this extensive exploration of the witness' credibility, appellant was not deprived of his right of confrontation by the district court's discretionary curtailment of further cross-examination. *See United States v. Leonardi,* 623 F.2d 746, 757 (2d Cir.), *cert. denied,* 447 U.S. 928, 100 S.Ct. 3027, 65 L.Ed.2d 1123 (1980).

The judgment of conviction is affirmed.